IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL G. QUINTANA,

       Petitioner,

vs.                                                                                                  No. CV 21-00355 WJ/JFR

ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

       Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the handwritten petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody filed by Petitioner Gabriel G. Quintana. (Doc. 1). The Court will dismiss the Petition for lack of jurisdiction.

Petitioner Gabriel Quintana is a prisoner in New Mexico state custody serving a life sentence on a murder conviction. In a previous § 2254 proceeding, *Gabriel George Quintana v. Warden Mulheron,* No. CV 18-00469 KG/GJF, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding, raising issues of ineffective assistance of counsel, failure to afford a new trial, and failure to consider evidence and documents, all arising out of State of New Mexico case no. D-117-CR-2009-00542. (CV 18-00469, Doc. 1 at 6). *See Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records). The Court denied a writ of habeas corpus on the merits and dismissed the petition with prejudice. (CV 18-00469, Doc. 23, 28, 29). On appeal, the United States Court of Appeals

1

for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (CV 18-00469, Doc. 41).

Petitioner now brings a new, second or successive, § 2254 petition raising issues of ineffective assistance of counsel, failure to afford a new trial, and failure to consider evidence and documents. (Doc. 1 at 1-2). Although he does not specify the number of the New Mexico criminal case, he identifies the same counsel and judges and describes the same proceedings, murder conviction and sentence as those described in CV 18-00469. (Doc. 1 at 1-2 with CV 18-00469, Doc. 1 at 6-10). All of the issues raised by Quintana appear, again, to arise out of and were presented and determined in Quintana's prior § 2254 proceeding. Petitioner states that he "will not give up fighting to prove my innocents." (Doc. 1 at 1).

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

The factual bases of Quintana's arguments were clearly raised in his prior § 2254 proceeding. Compare Doc. 1 at 1-2 with CV 18-00469, Doc. 1 at 6-10. Petitioner's claims were raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent any argument can be raised that Petitioner did not previously raise any asserted claim in his prior § 2254 Petition,

2

Quintana does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds that, because Quintana's arguments all appear to have been previously addressed, it is not in the interest of justice to transfer the proceeding. *Cline,* 531 F.3d at 1252.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. §

3

2244(b)(2). The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under Rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that the handwritten petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody filed by Petitioner Gabriel G. Quintana (Doc. 1) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE